THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
George
 Salisbury, Appellant.
 
 
 

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2012-UP-214
Submitted March 1, 2012  Filed March 28,
 2012   

AFFIRMED

 
 
 
Appellate Defender Elizabeth
 Franklin-Best, of Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark Farthing, all of Columbia; and Solicitor
 Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

 PER CURIAM:  George
 Salisbury appeals his convictions for assault on a correctional officer, taking
 of a hostage by an inmate, and first degree criminal sexual conduct, arguing
 the trial court erred in admitting a letter in which Salisbury explains how the
 assault will take place.  Salisbury argues the handwriting in the letter was
 not authenticated, irrelevant, and inadmissible as Lyle[1] evidence.  We affirm[2] pursuant to Rule 220(b)(1), SCACR, and the following authority:  State v. Anderson, 386 S.C. 120, 126, 687 S.E.2d 35, 38 (2009) ("The admission of
 evidence is within the discretion of the trial court and will not be reversed
 absent an abuse of discretion.  An abuse of discretion occurs when the
 conclusions of the trial court either lack evidentiary support or are
 controlled by an error of law." (citation and internal quotation marks
 omitted)).[3]
 AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur. 

[1] State v. Lyle, 125 S.C. 406, 118 S.E. 803
 (1923).
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[3] In his brief, Salisbury also makes the statement that
 the letter "interjected improper character evidence into [Salisbury's]
 trial."  Salisbury makes no argument nor does he cite any law in support
 of this conclusory statement.  Accordingly, this argument has been abandoned.  See State v. Tyndall, 336 S.C. 8, 16, 518 S.E.2d 278, 282 (Ct. App. 1999)
 ("Conclusory arguments constitute an abandonment of the issue on
 appeal.").